UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUINCY LAMON IVY,<br><br>Plaintiff,<br><br>v.<br><br>MARGRET MIMS, et al.,<br><br>Defendants. | Case No. 1:20-cv-00633-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS CASE BE DISMISSED WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH A COURT ORDER<br><br>(ECF No. 1)<br><br>TWENTY-ONE DAY DEADLINE<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT JUDGE |

Quincy Lamon Ivy ("Plaintiff"), is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. At the time he filed suit, Plaintiff was a prisoner in the custody of the Fresno County Sheriff's Office. On July 21, 2020, noting that Plaintiff alleged he would soon be released from custody and was no longer listed as in custody online, the Court entered an order that required Plaintiff to file an updated address within thirty days. (ECF No. 7). The Clerk of Court served the order by mail, and it was returned as undeliverable on August 13, 2020.

Plaintiff has not responded to the Court's order or filed a notice of change of address.[1] Accordingly, because it has been more than 30 days since the Court ordered Plaintiff to update his

---

[1] "A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." Local Rule 183(b)

address and over 63 days since the earlier order was returned as undeliverable, the Court will recommend that Plaintiff's case be dismissed, without prejudice, for failure to prosecute.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." *Pagtalunan*, 291 at 639. As described above, Plaintiff has failed to respond to a court order and has failed to update his address. These failures are delaying this case and interfering with docket management. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to respond to a court order and to comply with the Local Rule requiring him to keep the parties and the Court apprised of his current address that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, monetary sanctions are of little use, and given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the

dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This action be dismissed, without prejudice, based on Plaintiff's failure to prosecute this case; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Plaintiff is also advised that the Court will vacate these findings and recommendations if he updates his current address in accordance with Local Rule 183(b) within the twenty-one day timeframe within which to file objections to the findings and recommendations.

In addition, the Clerk of Court is respectfully directed to appoint a district judge to this action.

IT IS SO ORDERED.

Dated: __October 22, 2020__               /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE

3